## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN B. TRAINER, | : | Civil No. 12-2409 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM  OPINION  & ORDER** |
| v. | : | |
| | : | |
| ROBERT ANDERSON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before this Court upon Plaintiff's submission of a civil complaint accompanied by both his application to proceed in this matter in forma pauperis and partial payment of his filing fee.  See Docket Entry No. 1.

1.      Plaintiff's submission, a 75-page compilation, includes his complaint, which consists of 176 paragraphs.  However, a civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure.  The Rules require that the complaint be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); cf. McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming

numerous defendants, setting forth numerous causes of action, and numbering fifteen

pages and eighty-eight paragraphs).  Here, Plaintiff's complaint fails to comply with the

requirements of Rule 8.  "A District courts should not have to read and decipher tomes

disguised as pleadings." Lindell v. Houser, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006).

Therefore, the complaint is subject to dismissal on this ground.

2.      Moreover, Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of

defendants, and Rule 18(a), governs the joinder of claims.  See Fed. R. Civ. P. 18(a),

20(a)(2).  Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants

if: (A) any right to relief is asserted against them jointly, severally, or in the alternative

with respect to or arising out of the same transaction, occurrence, or series of transactions

or occurrences; and (B) any question of law or fact common to all defendants will arise in

the action." Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party

asserting a claim . . . may join, as independent or alternative claims, as many claims as it

has against an opposing party." Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on

federal civil procedure explains that, where multiple defendants are named, the analysis

under Rule 20 precedes that under Rule 18:

>       Rule 20 deals solely with joinder of parties and becomes relevant only when
>       there is more than one party on one or both sides of the action.  It is not
>       concerned with joinder of claims, which is governed by Rule 18.  Therefore, in
>       actions involving multiple defendants Rule 20 operates independently of Rule 18
>       . . .
>
>       Despite the broad language of Rule 18(a), plaintiff may join multiple defendants
>       in a single action only if plaintiff asserts at least one claim to relief against each
>       of them that arises out of the same transaction or occurrence and presents
>       questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, <u>Federal Practice & Procedure</u> <u>Civil 3d</u> §1655; <u>see also</u> <u>United States v. Mississippi</u>, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); <u>Ross v. Meagan</u>, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), <u>overruled on other</u> <u>grounds by</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).  Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.  <u>See</u> Fed. R. Civ. P. 20(a)(2).  As the United States Court of Appeals for the Seventh Circuit once explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g) . . .

> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's complaint asserts a panoply of transactions involving persons who had no relation to other transactions: all these transactions and named Defendants are merely "stitched" together by Plaintiff.  Since the Federal Rules of Civil Procedure do not allow such "stitching," Plaintiff's complaint is also subject to dismissal for failure to meet the requirements of Rules 18 and 20.

IT IS THEREFORE on this 22nd day of May, 2012,

ORDERED that Plaintiff's application to proceed in forma pauperis is granted, and the Clerk shall file the Complaint without prepayment of full filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve this Memorandum Opinion and Order upon the Attorney General of the State of New Jersey and upon the Warden of Plaintiff's current place of confinement by regular mail and duplicate the same by electronic service upon the Attorney General of the State of New Jersey; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00, to which the prepaid amount of $100.00 shall be applied and the remainder shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the

New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

ORDERED that Plaintiff's complaint is dismissed for failure to comply with the requirements of Rules 8, 18 and 20.  Such dismissal is without prejudice; and it is further

ORDERED the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have this case reopened if, within 30 days of the date of the entry of this Order, Plaintiff submits his amended complaint complying with the requirements of Rules 8, 18 and 20, and stating – clearly and concisely – factual allegations against defendants personally involved in the alleged wrongs; and it is further

ORDERED that, if Plaintiff submits such amended pleading complying with the guidance provided to him herein, the Court will enter an order directing the Clerk to reopen the case; and it is further

ORDERED that no statement made in this Memorandum Opinion and Order shall be construed as this Court's withdrawal of its jurisdiction over this action; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, together with a blank civil rights complaint.


s/Susan D. Wigenton
**SUSAN D. WIGENTON**
**United States District Judge**