NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN B. TRAINER, : Civil Action No. 12-2409 (SDW)
:
Plaintiff, :
:
v. : **MEMORANDUM OPINION**
: **AND ORDER**
ROBERT ANDERSON et al., :
:
Defendants. :

This matter comes before the Court on Plaintiff's Motion for Reconsideration, see Docket Entry No. 11, and his Motion for Leave to File a Second Amended Complaint ("Motion to Amend"), see Docket Entry No. 12, and it appearing that:

1. Plaintiff submitted a Complaint and Application to proceed in this matter in forma pauperis. See Docket Entries Nos. 1 and 1-1. Because Plaintiff's Complaint failed to comply with the requirements of Rules 8, 18 and 20, this Court granted Plaintiff in forma pauperis status and directed re-pleading. See Docket Entry No. 2.

2. In response, Plaintiff filed an Amended Complaint. See Docket Entry No. 4. The Court screened the Amended Complaint and directed prejudicial dismissal as to (a) Plaintiff's claims against John Doe (for failure to assert facts in support of these claims); (b) Plaintiff's challenges based on the circumstances of his arrest and the taking of the 2006 Hyundai Santa Fe SUV (because Plaintiff's arrest was executed pursuant to a valid warrant and the search was conducted incident to that arrest, and Plaintiff's taking claims were barred by the operation of the New Jersey Tort Claim Act); and (c) Plaintiff's

      challenges based on the allegedly tightly-applied handcuffs (as Plaintiff's allegations failed to assert a conduct plausibly amounting to a constitutional wrong). See Docket Entry No. 6. The Court directed service in connection with Plaintiff's claims regarding excessive force exercised during his arrest. See id. The Clerk issued summonses and forwarded the applicable form to Plaintiff for the purpose of enabling service by U.S. Marshals. See Docket Entries Nos. 7 and 9.

3.    Subsequently, Plaintiff filed the two motions at bar. In his Motion for Reconsideration, see Docket Entries Nos. 11, 11-1 and 11-2, Plaintiff asserted that this Court erred in its finding that Plaintiff's arrest (executed on the basis of a valid warrant issued by the state court) was not a violation of Plaintiff's Fourth Amendment rights. See id. Specifically, Plaintiff maintains that in seeking an arrest warrant, police officers presented the state court with "too thin" an information; thus, the state court should have declined to issue the warrant because of the insufficient information. See id. Plaintiff's argument duplicates the previously-raised contention in the Amended Complaint that was dismissed by this Court. Additionally, Plaintiff's Motion to Amend essentially presents another motion for reconsideration as it (a) addresses the same excessive force challenges to which this Court already directed service upon Defendants, and (b) elaborates on Plaintiff's thrice-stated opinion that the police officers presented the state court with "too thin" an information for issuance of an arrest warrant. See Docket Entry No. 12.

4. Plaintiff's Motion for Reconsideration, and—to the extent Plaintiff's Motion to Amend could be construed as another motion for reconsideration—merits no relief; therefore, these applications would be granted in form and denied in substance.[1]

    a. A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[2] and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party

---

[1] The Third Circuit has held that a litigant's motion for reconsideration should be deemed "granted" when the court decides to review the decision and address the merits rather than the mere procedural propriety. See Pena-Ruiz v. Solorzano, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008). However, the fact of the court's review does not prevent the court from reaching a disposition identical to the decision previously reached upon examination of the original application. See id.

[2] In the context of a motion to reconsider, the term "manifest injustice" "[generally] means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that is, the need "to correct manifest errors of law or fact upon which the judgment was based." Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'" Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error." Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996).

must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration; such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").

b.  Here, Plaintiff's motions do not assert any facts warranting a substantive change in this Court's prior ruling. As previously explained, an arrest executed pursuant

to a valid arrest warrant is necessarily supported by the required probable cause.[3] While Plaintiff invites this Court to question the validity of judgment of the state court that issued the arrest warrant, this Court declines the invitation: the Fourth Amendment law of "probable cause" neither concerns itself with the balancing test performed by the state judges issuing arrest warrants nor furnishes the federal judiciary with a mandate to second-guess the outcome of the state judges' balancing analysis. If Plaintiff disagrees with this Court's application of the governing law to the facts of this case, Plaintiff's remedy is appeal, not a motion for reconsideration. See Assisted Living, 996 F. Supp. at 442.

    c.    Finally, Plaintiff's request for reconsideration of this Court's ruling as to his claims asserting excessive force used by the officers during and for the purposes of executing his arrest is denied. The Court already ordered responsive pleadings with regard to this line of claims and, thus, cannot do any better for Plaintiff.

5.    This Court also denies Plaintiff's Motion to Amend. The Federal Rules of Civil Procedure generally encourage and provide for a liberal policy for amending pleadings. See Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178 (1962). However, an amendment is not allowed where it is facially futile, see Foman, 371 U.S. at 182, e.g.,

---

[3] Indeed, at no point did Plaintiff allege that the arrest warrant was executed in the name of some other person and that the arresting officers arrested Plaintiff while knowing that he was not the person in whose name the arrest warrant was issued. Nor does Plaintiff assert that the warrant was forged. Moreover, Plaintiff does not assert that the police officers provided the state court with fraudulent information; all he asserts is that the information provided by the police officers to the state court was insufficient for the state court to conclude that the arrest warrant had to be issued, and the state court did not dwell of these "insufficiencies" to the extent Plaintiff would have preferred.

where the purported "amendment" presents a mere paraphrasing of the already alleged and addressed claims. <u>Rhodes v. Diamond</u>, 433 F. App's 78, 79 (3d Cir. 2011) (assessing the issue under Rule 15); <u>see</u> <u>also</u> <u>Arlin-Golf, LLC v. Vill. of Arlington Heights</u>, 631 F.3d 818 (7th Cir. 2011) (assessing such "amendment" practice as a violation of the doctrine of <u>res judicata</u>).

IT IS, therefore, on this _____ day of November, 2012,

ORDERED that Plaintiff's motions, being construed as two motions for reconsideration, are both granted in form and denied in substance; and it is further

ORDERED that Plaintiff's motion, Docket Entry No. 12, being construed as a motion to amend, is denied as futile; and it is further

ORDERED that this Court's prior ruling, Docket Entry No. 6, shall remain in full force with regard to all Plaintiff's claims; and it is further

ORDERED that Defendants's obligation to file responsive pleading upon being duly served with Plaintiff's pleadings and the summonses issued by the Clerk shall remain in full force, complying with the time table detailed in this Court's prior ruling, Docket Entry No. 6; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

s/Susan D. Wigenton<br>
<b>Susan D. Wigenton<br>
United States District Judge</b>