UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN B. TRAINER, | : |
| | :    Civ. No. 12-2409 (SDW) (MCA) |
| Plaintiff, | : |
| v. | :    **OPINION AND ORDER** |
| ROBERT ANDERSON, et al., | : |
| Defendants. | : |

**SUSAN D. WIGENTON, U.S.D.J.**

Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Currently pending before the Court is plaintiff's motion for default judgment against defendant Wayne Stine. (*See* Dkt. No. 48.) Defendant Stine has now answered the complaint and filed a response in opposition to plaintiff's motion for default judgment.

Federal Rule of Civil Procedure 55 sets forth a two-step procedure for obtaining a default judgment. First, Federal Rule of Civil Procedure 55(a) states that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after default is entered, the party seeking default judgment may request entry of such judgment in one of two ways. *See* FED. R. CIV. P. 55(b). The party may request entry of default judgment by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made by computation." FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

1

Because there is this two-step process for obtaining a default judgment, courts routinely deny motions for default judgment where default has not been previously entered. *See Husain v. Casino Control Comm'n*, 256 F. App'x 130, 133 (3d Cir. 2008) (per curiam) (finding that the district court was correct in denying motion for default judgment as no default was ever entered on the docket as "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) (per curiam) ("[T]he District Court properly denied the motion [for default judgment] because Limehouse failed to obtain entry of default prior to seeking default judgment."); *Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation and Finishing Trade Inst. Funds v. Village Glass, Inc.*, No. 11-1023, 2012 WL 209076, at *1 (D.N.J. Jan. 24, 2012) (denying motion for default judgment as Clerk had not entered default before plaintiffs filed motion for default judgment). In this case, the Clerk had not entered default against defendant Wayne Stine before plaintiff filed the instant motion for default judgment. Thus, the motion will be denied.

Accordingly, IT IS on this __19th__, day of __July__, 2013,

ORDERED that plaintiff's motion for default judgment against defendant Wayne Stine (Dkt. No. 48.) is DENIED.

*s/ Susan D. Wigenton*
SUSAN D. WIGENTON
United States District Judge