**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| STEVEN B. TRAINER,<br><br>Plaintiff,<br>v.<br><br>ANDERSON, et al.,<br>Defendants. | Civil Action No.<br><br>2:12-CV-2409-SDW-SCM<br><br>**ON INFORMAL CROSS-MOTIONS TO REOPEN AND TO ENFORCE SETTLEMENT [D.E. 167 and 174]** |

## REPORT AND RECOMMENDATION

STEVEN C. MANNION, United States Magistrate Judge.

Before this Court are informal cross-motions from *pro se* Plaintiff Steven B. Trainer ("Mr. Trainer") to re-open the case, vacate the Order administratively terminating his motion to amend, compel and reopen discovery, and issue an expedited ruling as to the sufficiency of his second amended complaint and from Defendants Robert Anderson, Wayne Stine, Steven Farrell (collectively, the "Clifton Officer Defendants"), Justine Bertone and Vincent Martin (collectively, the "Lodi Officer Defendants") to enforce the settlement.[1] The Honorable Susan D. Wigenton, United States District Judge, referred the motions to the undersigned for a report and recommendation.[2] There was no oral argument. Upon consideration of the parties' submissions and for the reasons stated below, it is respectfully recommended that the motion to withdraw/re-

---

[1] (ECF Docket Entry No. ("D.E.") 167 and 174-1). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See* Local Civil Rule 72.1(a)(2).

open be denied, the motion to enforce be granted in part, and Mr. Trainer's remaining requests be denied as moot.

II. **BACKGROUND AND PROCEDURAL HISTORY**

Mr. Trainer resides in the East Jersey State Prison in Rahway, New Jersey, and appeared before the Court for a video settlement conference on February 17, 2017.[3] At the beginning of the conference, the Court explained the benefit of settling and ending the case is that settlement "resolve[s] the disputes without the need for trial. It's time consuming for the parties and it's time consuming for the lawyers."[4]

After much negotiation, Mr. Trainer consented to settle for $6,500.[5] Mr. Trainer said, "Sixty-five and be done, how about that?"[6] The Lodi Officer Defendants and Clifton Officer Defendants agreed to the amount, and the settlement was placed on the record immediately thereafter. The Court stated on the record, "that the parties have reached a full and amicable settlement of all claims in this matter between all parties for $6,500 to be paid according to how defense counsel wish to put it on the record."[7] The parties agreed a release would be sent shortly

---

[3] (D.E. 160, Order for Video Conference; D.E. 166, Order Terminating Action).

[4] (D.E. 186, Transcript).

[5] (D.E. 186, Transcript).

[6] *Id.* at 23.

[7] *Id.* at 23.

2

thereafter.[8] The Court asked defense counsel if they wished to *voir dire* Mr. Trainer but counsel declined.[9]

On May 15, 2017, Mr. Trainer moved to re-open the case, vacate the Order administratively terminating his motion to amend, compel and reopen discovery, and issue an expedited ruling as to the sufficiency of his second amended complaint.[10] In support of his motion, Mr. Trainer filed a declaration in which he stated, "Following the February 17, 2017 Video Settlement/Status Conference that was conducted in this matter, the parties reached an agreement to settle this case. The parties were to execute an [sic] release and agreement to be prepared by counsel for the defendants."[11]

Mr. Trainer further declared that he received the settlement release and the language of the "Release" goes beyond the scope of the settlement negotiations and that he would not agree to the language of the Liens section.[12] Both General Releases contained a statement that "The Releasor hereby releases and gives up any and all claims and rights which it may have against the Releasees. This document releases all claims, including those of which Releasor is not aware and those not mentioned in this Release."[13] The Liens section described that "For and in consideration of the above sum, the undersigned hereby agrees to satisfy all liens or encumbrances, which may apply

---

[8] *Id.* at 24–25.

[9] *Id.* at 32–33.

[10] (D.E. 167, Pl.'s Mot. to Reopen).

[11] (D.E. 167-3, no. 3).

[12] (D.E. 167-3).

[13] (D.E. 176, Pl.'s Reply Brief Exhibits A and B).

to the above sum including, but not limited to medical providers, medical insurance companies, HMO's, Medicare, Medicaid, Workers' Compensation liens and any and all subrogation claims and herby agrees to indemnify all of the above-named Releasees and their respective insurance carriers against any further liability for the satisfaction of any such liens or encumbrances."[14]

Shortly after Mr. Trainer moved to reopen the case, Mr. Trainer wrote a letter to the Court and raised an issue he had not raised during the settlement conference.[15] Mr. Trainer indicated that in correspondence with the defense attorneys, he asked them to return personal property that was seized in connection with his arrest, because the language of the Release would prohibit him from pursuing his right to his personal property in the future.[16]

On June 5, 2017, the Lodi Officer Defendants filed their opposition to Mr. Trainer's motions and cross-moved to enforce the settlement.[17] The Clifton Officer Defendants joined the motion.[18]

On August 24, 2017, the Court held another video settlement conference,[19] and Mr. Trainer stated that he had sought the return of his personal property prior to December 2016, but was told nothing would be released while the state case was pending.[20] He further reported that the State

---

[14] *Id.*

[15] (D.E. 173, Trainer Letter).

[16] *Id.*

[17] (D.E. 174, Def.'s Mot. to Enforce).

[18] (D.E. 175, Def.'s Brief).

[19] The Court terminated Mr. Trainer's motion to reopen the case as moot when it granted Mr. Trainer's request for a settlement conference. (*See* D.E. 179).

[20] (D.E. 181, Letter Order).

4

case had recently concluded. Subsequently, counsel for the Lodi Officer Defendants informed Mr. Trainer that all the legal personal property items that were seized during Mr. Trainer's arrest can be returned to him, and that Mr. Trainer can make arrangements with Lieutenant Robert Salerno of the Lodi Police Department to retrieve the items.[21]

II. **LEGAL STANDARD**

A federal court may apply the substantive law of the forum state in deciding questions pertaining to the construction and enforcement of contracts.[22] Under New Jersey law, a settlement agreement between parties to a lawsuit is itself a contract that is separate and independent from the underlying dispute.[23] New Jersey public policy favors settlements.[24] Courts will therefore "strain to give effect to the terms of a settlement wherever possible."[25]

"[A]n agreement to resolve a matter will be enforced as long as the agreement addresses

---

[21] (D.E. 184, Def.'s Letter).

[22] *See LNT Merch. Co. v. Dyson, Inc.*, No. 08-2883, 2009 WL 2169236, at *1 (D.N.J. July 21, 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938); *Cooper Labs. v. Int'l Surplus Lines Ins. Co.,* 802 F.2d 667, 672 (3d Cir. 1986); *Excelsior Ins. Co. v. Pennsbury Pain Ctr.,* 975 F. Supp. 342, 348–49 (D.N.J. 1996)).

[23] *Payer v. Berrones*, No. 12-1704, 2015 WL 4715953, at *2 (D.N.J. Aug. 7, 2015) (internal citation omitted); *Pac. All. Grp. Ltd. v. Pure Energy Corp.*, No. 02-4216, 2006 WL 166470, at *2 (D.N.J. Jan. 23, 2006) (citing *Cooper-Jarrett, Inc. v. Cent. Transp., Inc.,* 726 F.2d 93, 96 (3d Cir.1984)).

[24] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (citing *Nolan v. Lee Ho,* 120 N.J. 465, 472, 577 A.2d 143, 146 (1990)).

[25] *McDonnell v. Engine Distributors*, No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 F. App'x 509 (3d Cir. 2009) (citing *Dep't of Pub. Advocate, Div. of Rate Counsel v. New Jersey Bd. of Pub. Utilities*, 206 N.J. Super. 523, 528, 503 A.2d 331, 333–34 (App. Div. 1985)).

the principal terms required to resolve the dispute."[26] "Traditional contract law rules provide that a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms."[27] The burden is on the moving party to establish that the parties entered into a contract of settlement.[28]

In order to have an enforceable settlement or contract there "must be a meeting of the minds for each material term to an agreement."[29] "A meeting of the minds occurs when there has been a common understanding and mutual assent of all the terms of a contract."[30] Objective manifestations of intent are controlling when determining if there was a meeting of the minds.[31]

"Where a contract of settlement is actually held to exist…the party seeking to vacate the settlement must show compelling circumstances."[32] "In general, settlement agreements will be honored absent a demonstration of fraud or other compelling circumstances. . . . Before vacating

---

[26] *Longo*, 523 F. App'x at 878 (citing *Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C.*, 421 N.J. Super. 445, 24 A.3d 802, 807 (N.J. Super. Ct. App. Div. 2011)).

[27] *Id.* at 878 (citing *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990)).

[28] *LNT Merch. Co.*, 2009 WL 2169236, at *1 (internal citations omitted).

[29] *Barton v. Mid-Atl. Flooring Ventures Inc.*, No. 13-4592, 2016 WL 4119803, at *4 (D.N.J. Aug. 1, 2016) (internal quotations and citations omitted).

[30] *Id.* (citing *Knight v. New England Mut. Life Ins. Co.*, 220 N.J. Super. 560, 565 (App. Div. 1987)).

[31] *See Brawer v. Brawer*, 329 N.J. Super. 273, 283 (App. Div. 2000) ("A contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he or she has a different, secret intention from that outwardly manifested."); *Leitner v. Braen*, 51 N.J. Super. 31, 38 (App. Div. 1958) ("The phrase, 'meeting of the minds,' can properly mean only the agreement reached by the parties as expressed, i.e., their manifested intention, not one secret or undisclosed, which may be wholly at variance with the former.").

[32] *Bowles v. New York Liberty*, 11-3529(ES), 2014 WL 7148916, at *2 (D.N.J. Dec. 15, 2014) (quoting *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475 (App. Div. 1996)).

a settlement agreement, our courts require clear and convincing proof that the agreement should be vacated."[33]

II. **<u>DISCUSSION AND ANALYSIS</u>**

The Lodi and Clifton Officer Defendants have satisfied their burden of establishing that an enforceable settlement contract exists. Mr. Trainer has concomitantly failed to show that "compelling circumstances" warrant vacating the settlement contract.

A. Existence of the Settlement Contract

The Court finds that an agreement to settle this matter was reached on February 17, 2017, and the parties manifested an intent to engage in an offer and acceptance of $6,500 to settle the claims in this case and end litigation on claims raised in this case. The Court further finds that the parties manifested an intent to be bound by the oral agreement with a formal written contract to be executed subsequently. Mr. Trainer admits that he agreed to settle the case, stating in his Declaration that "[f]ollowing the February 17, 2017 Video Settlement/Status Conference that was conducted in this matter, the parties reached an agreement to settle this case."[34] Mr. Trainer further agrees that "it is clear that first, a non-binding oral settlement agreement was entered…Second, the settlement agreement for Plaintiff to be paid $6,500 was limited to the dismissal of the claims set forth and described in the Amended Complaint filed in this action."[35] The Court memorialized the agreement on the record by stating that the parties have reached a full and amicable settlement of *all* claims in *this* matter. The Court finds that the parties agreed on the essential terms, and these

---

[33] *Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472, 577 A.2d 143, 146 (1990) (internal quotations omitted).

[34] (D.E. 167-3, no. 3).

[35] (D.E. 176, at 3).

terms were sufficiently clear and specific: Defendants would pay Mr. Trainer $6,500 and Mr. Trainer's claims in this case would be dismissed with prejudice.

  B. The Settlement Contract Should Not Be Vacated

Now that the Court has found that a settlement contract exists, the Court turns to whether compelling circumstances exist to vacate the settlement. "Clearly, the party seeking to set aside the settlement agreement has the burden of proving . . . extraordinary circumstance sufficient to vitiate the agreement."[36]

Mr. Trainer's main objection to the settlement is that he does not want to release his claim for his personal property. Notwithstanding the fact that the Lodi Officer Defendants appear to have subsequently identified the location of his personal property and provided information on how to make arrangements for its return, the Court finds that Mr. Trainer waived this claim when he settled the case. The issue of his personal property was part of the litigation of the instant case, as this property was seized during his arrest and the seizure of his car. The operative complaint contained allegations pertaining to the seizure of Mr. Trainer during his arrest and the seizure of the car he had been driving.[37] Furthermore, during this litigation, Mr. Trainer stated that he sought the return of his personal property prior to December 2016, before the settlement conference occurred, but was told nothing would be released while the state case was pending.[38] He did not pursue these issues during the Court's subsequent settlement conference in February 2017, and his later discussion of these issues after the settlement indicates nothing but buyer's remorse.

The Court finds this case analogous to *Bistricer v. Bistricer*, in which the parties settled

---

[36] *Jennings v. Reed*, 381 N.J. Super. 217, 227, 885 A.2d 482, 488 (App. Div. 2005).

[37] *See* (D.E. 4, Amended Complaint).

[38] (D.E. 181).

their case during a settlement conference with the court, but Plaintiff later objected to terms in the stipulation of settlement.[39] The Court enforced the settlement as to the essential terms and concluded that Plaintiff's objections to the written agreement amounted to the raising of new terms not previously agreed upon. The Court discussed that "[t]he natural inference when an issue is not raised is that it is "not an essential part of any settlement."[40] "Plaintiffs attempted raising of it now is an afterthought; something they would like to have but did not bargain for and obtain."[41]

Mr. Trainer further argues that the settlement should be vacated because the broad release terms and lien was not discussed. However, defense counsel communicated that a child support search would be run.[42] Mr. Trainer responded, "I don't owe child support. I know that for a fact. So there really shouldn't be an issue. What I want to make clear, if the agreed-upon amount, anything less than that, for whatever reason, is a deal breaker."[43]

At this juncture, the Court has not been made aware of any liens that may impact the net received by Mr. Trainer. The Court does note that to the extent that moneys are to be disbursed to satisfy statutory liens, this is the operation of the law, and the Court will not disturb a settlement for this. The Court finds that it is not the obligation of the Lodi or Clifton Officer Defendants to inform Mr. Trainer that settlement funds may be offset by liens. Courts have declined to disturb settlements where liens or other obligations existed and litigants complained that their award will

---

[39] *See Bistricer v. Bistricer*, 231 N.J. Super. 143 (Ch. Div. 1987).

[40] *Id.* at 149.

[41] *Id.*

[42] (D.E. 186, Transcript at 29).

[43] *Id.* at 30.

ultimately be less than originally pondered.[44]

In *Robinson v. U.S.*, that court, in declining to vacate a settlement with an inmate, discussed that "as a matter of law the plaintiff simply was not entitled to additional, specific advance notice that the proceeds obtained in this settlement might at some later date be subject to a Treasury offset."[45] Even though it is well established that settlements with the United States are subject to a statutory offset for child support, federal taxes, and state taxes, among other categories, the Court did not find that the settlement should be vacated because the inmate was not reminded of this law.[46] The *Robinson* court stated that the U.S. Attorney's Office "is not responsible for [an inmate's] personal debts and did not have an additional responsibility to remind [the inmate] in the settlement agreement that the funds would be offset."[47]

Mr. Trainer's final argument is that the settlement conference was unfair because the Court should have decided his amended complaint before engaging in the settlement conference. The Court explained to Mr. Trainer at the start of the settlement conference that settling would end the litigation in this case and that if he chose not to settle, then the Court would consider his proposed amended pleading.[48] Specifically, in the Court's letter order, it stated that "If the case does not settle, we will discuss the status of the case and the Court will prescribe a schedule for Mr. Trainer

---

[44] *See Bowles v. N.Y. Liberty*, No. 11–3529, 2014 WL 7148916, at *3 (D.N.J. Dec. 15, 2014); *Robinson v. U.S*, No. 13-cv-879, 2014 WL 1785342, at *5 (M.D. Pa. May 5, 2014). *See also U.S. v. Bailey*, CRIM 03-370 ADM/AJB, 2013 WL 5964447 (D. Minn. Nov. 4, 2013).

[45] *Robinson v. U.S*, 2014 WL 1785342, at *5.

[46] *Id.*

[47] *Id.*

[48] *See* (D.E. 186 at 3).

to file a motion to amend his pleading."[49] By agreeing to settle, Mr. Trainer voluntarily ended the litigation in this case, including giving up his right to have his proposed pleading considered, in exchange for ending the litigation and not having to risk the results of a trial, which the Court explained at the outset of the settlement conference. In addition, the Lodi and Clifton Officer Defendants considered the possibility of ending the litigation and not litigating a new amended complaint when deciding to offer $6,500 as part of the settlement. Giving up the opportunity to amend the pleading and continue litigation was part of the bargain in forming this contract of settlement for $6,500.

The Court finds that Mr. Trainer has failed to meet his burden of showing compelling circumstances that would warrant vacating the settlement. Mr. Trainer's motion to withdraw/re-open should be **denied** and the Lodi and Clifton Officer Defendants' motions to enforce should be **granted in part**.

IV. **CONCLUSION**

For the reasons articulated herein, the undersigned respectfully recommends that Mr. Trainer's motion to withdraw/re-open be **denied**, the motion to enforce be **granted in part**, and Mr. Trainer's remaining requests be **denied** as moot. I further recommend that the District Court order immediate payment to Mr. Trainer totaling $6,500 and dismiss this action with prejudice. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[50] "The District Court need not consider frivolous, conclusive, or general

---

[49] (D.E. 161, Letter Order at 1).

[50] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

11

objections."[51]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/1/2017 9:57:55 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Steven B. Trainer
801312
SBI784322A
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

---

[51] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).